Carroll M. Lawson SBN 048170
Law Offices of Carroll Lawson
1801 Orange Tree Lane, Suite 240
Redlands, California 92374
T: 909-307-2645
F:909-307-8035

Attorney for Plaintiffs

FILED

2010 OCT 19  AM 11: 13

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY: _____

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Henry Michelle, Elisha, James, and Monique
Moreno; and Timothy, Kelli, Elizabeth, and
Gabriel Byrd

    Plaintiff,

vs.

County of San Bernardino; San Bernardino
County Child Protective Services; and Does 1-
50 Inclusive

    Defendant

Case No.: EDCV10-1361-VAP (OPx)

FIRST AMENDED CIVIL RIGHTS
COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF, AND
DAMAGES PURSUANT TO
U.S. Const. Amend. I; 42 U.S.C. § 1983; and
Cal. Const. art. I, § 4

Plaintiff alleges:

### General Allegations

1.  At all relevant times, Plaintiffs have been, and are now, residents of 1521 Latham Street, Colton, San Bernardino County, California. They are members of His Way Spirit Led Assemblies and they believe in the doctrines of that religion and desire to freely exercise their faith in that religion or as the case may be.

2.  At all relevant times, Defendant, County of San Bernardino has been, and is now, a governmental entity. The actions described below on the part of Defendant and the other Defendants constitute "state action" as that term is been defined by relevant case law.

3.  At all relevant times, Defendant, San Bernardino County Child Protective Services has been, and is now, an agency of defendant County of San Bernardino vested with authority to control, manage, and administer services for the protection of children within and about the City of Colton, which is a city located within the County of San Bernardino.

FIRST AMENDED COMPLAINT - 1

4. The acts that are the subject of this complaint all occurred within Colton, County of San Bernardino, California.

5. Plaintiff is not presently aware of the true names, identities or capacities of the Defendants DOES 1 through 50, inclusive. Plaintiff therefore sues those Defendants under their fictitious names. Plaintiff will amend this complaint on learning the true names, identities, or capacities of these Defendants.

6. At all relevant times, each of the Defendants has been, and is now, the agent or employee of the remaining Defendants, and each was acting within the course and scope of such agency or employment.

7. Defendants have a grievance process which Plaintiffs have exhausted with the filing and subsequent denial of their claims through the County of San Bernardino Claims process.

8. This action arises under the United States Constitution, Amendment I; Federal statute 42 U.S.C. § 1983; and the court's supplemental jurisdiction, 28 U.S.C. §1367, as it relates to Cal. Const. art. I, § 4.

FIRST CAUSE OF ACTION
(Violation of Federal "Free Exercise Clause")

9. The allegations set forth above in paragraphs 1 through 9 inclusive, are incorporated into this cause of action by reference as if set forth in full.

10. On Wednesday January 20, 2010, On Wednesday January 20th, police officers raided the homes of Plaintiffs residing at 1521 Latham Street in Colton California pursuant to a search warrant.

11. Child Protective Services, and accompanying police officers, proceeded to seize Plaintiffs children under the assumption that Plaintiffs were providing only spiritual care to their children in lieu of medical treatment.

12. This assumption was proven false on the night of the seizure as Child Protective Services and accompanying police officers simultaneously seized documents relating to the medical treatment of the children and subsequently these documents were seized as evidence.

13. At all times, Plaintiffs were acting in a manner that complies with California Statutes relating to child welfare and safety. To plaintiffs' knowledge, their conduct was within their religious rights and their substantive due process rights to raise their children as they see fit.

14. Defendants' actions as described above interfered with plaintiffs' free exercise of religion in violation of the First Amendment to the United States Constitution, in that CPS and the

FIRST AMENDED COMPLAINT - 2

accompanying officers raided the homes of the Moreno and Byrd Families and seized the children of these families without legal or factual justification. The government agents erroneously acted on the assumption that the children were not being provided medical treatment. They were in fact being provided with medical treatment. Even though that erroneous factual allegation was specifically disproven with physical evidence, the government agents proceeded to seize the children based on the unlawful and unconstitutional premise that spiritual treatment and the religious beliefs of these families provided them with sufficient justification.

15. Even though Plaintiffs repeatedly informed Defendants that the children were provided medical treatment, the children continued to be withheld. Plaintiffs were continually derided and were told that denouncing their sincerely held beliefs would get them their children back.

16. Plaintiffs were subjected to the on-going ridicule of Defendants and Defendants employees who openly mocked Plaintiffs when they expressed their sincerely held beliefs.

17. If defendants are not restrained and enjoined from their course of conduct, the interference will continue indefinitely.

18. WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
(Violation of Cal. Const. art. I, § 4)

19. The allegations set forth in paragraphs 1 through 18 inclusive are incorporated into this cause of action by reference as if set forth in full.

20. Defendants' actions as described above interfered with Plaintiffs' free exercise of religion in violation of Cal. Const. art. I, § 4, in that Defendants violated California's no preference clause when they seized the children without justification and proceeded to tell Plaintiffs that if they renounced their beliefs their children would be returned to their respective families.

21. If defendants are not restrained and enjoined from their course of conduct, the interference will continue indefinitely.

WHEREFORE, Plaintiff prays for relief as set forth below.

///
///
///
///
///
///

## THIRD CAUSE OF ACTION
### (Violation of Federally Protected Rights under 42 U.S.C. § 1983)

22. The allegations set forth in paragraphs 1 through 21 inclusive, are incorporated into this cause of action by reference as if set forth in full.

23. Defendants, while acting under the color of state law, deprived Plaintiffs of their right to freely exercise their religion, a right protected by Federal law, in that Defendants seized the children on the false assumption that no medical treatment was being provided, which violates the religious rights of Plaintiffs to exercise their right to provide their children with spiritual treatment and their substantive due process rights to rear their children as they see fit. Defendants violated the rights of Plaintiffs to exercise their religion, a right protected by Federal law, in that Defendants told Plaintiffs that renouncing their spiritual beliefs would allow their children to be returned.

24. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered extreme embarrassment and humiliation, and emotional distress, accompanied by various physical symptoms, including but not limited to sleeplessness, nervousness, and extreme anxiety.

25. Plaintiff has also suffered damages in excess of the minimum established for this court. Plaintiff's damages are uncertain at this time, and Plaintiff will amend this complaint to state her damages with particularity once they are known.

26. WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

27. The allegations set forth above in paragraphs 1 through 26 inclusive, are incorporated into this cause of action by reference as if set forth in full.

28. An actual controversy now exists between the parties, in that Plaintiffs contend that Defendants' actions violate their right to freely exercise Plaintiffs' religion, which is protected by the U.S. Const. Amend. I and by Cal. Const. art. I, § 4.

29. The violation of Plaintiffs First Amendment Rights constitutes irreparable injury the threat of which is ongoing and immediate.

30. Defendants have instituted a course of conduct and policy that violates California Welfare and Institutions Code's §300, which requires deference to parents' religious practices. This violation is on-going and poses an immediate threat to Plaintiffs.

31. Without Declaratory and Injunctive Relief Plaintiffs are without adequate legal remedy as Defendants conduct is in violation of existing state, federal, and constitutional law.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaration of rights, declaring that Defendants' regulations justifying their seizure of children on the basis that spiritual treatment is abuse violates the free exercise clause of the First Amendment to the United States Constitution and Cal. Const. art. I, § 4.

2. For an injunction barring Defendants from continued violation of California Welfare and Institutions Code Section 300.

3. For an award of actual damages sufficient to compensate Plaintiffs for the injuries they have suffered;

4. For an award of special damages including, but not limited to medical damages and lost wages, sought in an amount yet to be ascertained;

5. For an award of costs, including attorney's fees pursuant to Code Civ. Proc. § 1021.5 and 42 U.S.C. §§ 1983 and 1988; and

6. For such other and further relief as the court finds proper.

Dated this  10 - 15 - 10

CARROLL M. LAWSON

FIRST AMENDED COMPLAINT - 5

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Law Offices of Carroll M. Lawson
1801 Orange Tree Lane, Suite 240
Redlands, CA 92374
T:909-307-2645 F: 909-307-8035   Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry, Michelle, Elisha, James, and Monique Moreno; and Timothy, Kelli, Elizabeth, and Gabriel Byrd **PLAINTIFF(S),**<br>v.<br>County of San Bernardino, San Bernardino County Child Protective Services; and Does 1-10 Inclusive **DEFENDANT(S).** | **CASE NUMBER**<br>EDCV10-01361-VAP(Opx)<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of _____ San Bernardino _____, State of California, and not a party to the above-entitled cause. On ___ October 15 ___, 20 10 ___, I served a true copy of ___ Plaintiffs First Amended Complaint ___ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: __ Redlands __
Executed on ___ October 15 ___, 20 10 ___ at __ Redlands __, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____ Judith Moore _____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
Signature                                        Party Served