Carroll M. Lawson SBN 48170
Judith E. Hoover SBN 270226
1030 Nevada Street, Suite 101
Redlands, California 92374
Office: 909-307-2645
Fax: 909-307-8035

Attorney For: Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry, Michelle, Elisha, James and Monique Moreno, and Timothy, Kelli, Elizabeth, and Gabriel Byrd,<br><br>        Plaintiff,<br><br>v.<br><br>County of San Bernardino; San Bernardino County Child Protective Services , and Does 1-10 inclusive,<br><br>        Defendant | Case No.:   5:10-cv-01361 ODW (OPx)<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; DECLARATION OF JUDITH E.**<br><br>**Time: 1:30pm**<br>**Date: November 21, 2011**<br>**Courtroom: 11** |

## I.   NOTICE OF MOTION

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on Nov. 21, 2011, at 1:30pm, or as soon thereafter as the matter may be heard before in the above-entitled Court, located at Courtroom 11 Spring Street, Los Angeles, California, in Courtroom 11,  Judith Elaine Hoover, Esq., formerly of the Law Office of Carroll M. Lawson, shall and does hereby does respectfully seek leave of this Court pursuant to *Local Rule. 83-2.9.2.1* and in compliance with Cal. R. Prof. Conduct 3-700, to withdraw as  associate counsel for Plaintiffs.

MOTION TO BE RELIEVED AS COUNSEL - 1

LEAD COUNSEL, CARROLL M. LAWSON and PLAINTIFFS ARE FURTHER NOTIFIED that in order to preserve Plaintiffs' legal rights, they should act immediately to retain new associate counsel.

The basis for this Motion are as follows:

1. The client insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law. Cal Rules of Prof Cond 3-700(C)(1)(a).

2. Lead Counsel and the client by other conduct makes it unreasonably difficult for the attorney to carry out the employment effectively. Cal Rules of Prof Cond 3-700(C)(1)(d).

3. Lead Counsel and the client insists that the attorney engage in conduct contrary to the attorney's judgment and advice but not prohibited under the California Rules of Professional Conduct or the State Bar Act. Cal Rules of Prof Cond 3-700(C)(1)(e).

4. The continued employment is likely to result in a violation of the California Rules of Professional Conduct or of the State Bar Act. Cal Rules of Prof Cond 3-700(C)(2).

5. An inability to work with co-counsel indicates that the client's best interests will likely be served by withdrawal. Cal Rules of Prof Cond 3-700(C)(3).

6. Movant believes, in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal. Cal Rules of Prof Cond 3-700(C)(6).

This motion is made pursuant to Local Rules 83-2.9.2.1 of the United States District Court for the Central District of California, relevant case authority and the inherent powers of the Court to control its proceedings. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Judith E. Hoover, esq., the pleadings and papers on file in the action, and such further evidence and argument as may be received by the Court at or prior to the hearing of this motion.

Date: October 19, 2011

By:/s/ Judith E. Hoover
Judith E. Hoover, esq.
Associate Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Movant was admitted to practice law in June 2010; she was employed with the Law Office of Carroll M. Lawson as an associate attorney. Attorney Carroll M. Lawson, lead counsel, was diagnosed with cancer in March 2011. Attorney Carroll M. Lawson decided to close his practice and cease the practice of law with the exception of this matter.

Movant agreed to aid Carroll M. Lawson in administrative and discovery matters with regard to this matter. During this time, Attorney Lawson had sole contact with clients. Movant has made concerted efforts to reach out to Plaintiffs in order to continue to aid Attorney Carroll M. Lawson, but has been unable to do so.

On or about August 18, 2011, Movant sent letters to all Plaintiffs and witnesses regarding the necessity of meeting to discuss litigation strategy, preparation, and the need to respond to timely respond to all discovery. Shortly thereafter, Movant met with Attorney Carroll M. Lawson. This discussion included certain elements of the discovery plan, as well as the necessity for Movant's contacts with clients. Throughout this time, Attorney Lawson was undergoing chemotherapy treatment and contact with Attorney Lawson had become intermittent. Communication between client and Movant was and continues to be non-existent. At this meeting, there was general disagreement about the approach to prosecution of this matter, as well as elements of discovery.

Additional communications transpired after this conference between Lead Counsel and Movant, and it has become apparent to Movant that Lead Counsel and Plaintiffs have irreconcilable differences in the way we view this matter and its handling. As such, Movant informed Attorney Lawson, that Movant would no longer be able to continue to aid him in this matter and advised him to seek new counsel for Plaintiffs or new aid.

Thus, Movant respectfully requests that Court grant leave to withdraw as co-counsel and enter an order that Movant has so withdrawn.

## II.   LEGAL ARGUMENT

### a.   GOOD CAUSE EXISTS TO PERMIT THE WITHDRAWAL

This request to withdraw is within the ambit of applicable rules. Rule 4-100(c)(1)(d) of the California Rules of Professional Conduct permits an attorney to seek withdrawal from representation of a client when the client "by other conduct renders it unreasonable difficult for the member to carry out the employment effectively." In the instant case, both Lead Counsel and clients have indicated that they will not cooperate or communicate with Movant. As such, Movant faces a severe burden in continuing to aid Attorney Lawson.

B. LEAVE TO WITHDRAW WILL NOT DELAY COMPLETION OF THIS ACTION OR UNREASONABLY PREJUDICE THE REPRESENTED PARTIES

Allowing Movant's withdrawal will not prejudice any party, as the clients will retain their Lead Counsel. There is no on-going conflict between Lead Counsel and clients. As such, no prejudice will result from the granting of this request.

III.    CONCLUSION

Based on the foregoing, Movant submits that this Motion should be granted.

Respectfully Submitted,

Date: October 19, 2011                                    By:/s/ Judith E. Hoover
                                                         Judith E. Hoover, esq.
                                                         Associate Attorney for Plaintiffs

## DECLARATION OF JUDITH E. HOOVER, ESQ.

I, Judith Elaine Hoover, esq., declare that I am attorney at law duly licensed to practice in this District, and am associate attorney for Plaintiffs in this action. I make this declaration from my own personal knowledge. If called to testify, I could and would honestly testify as to the following:

1. I was admitted to practice in June of 2010. I was hired an associate attorney with the Law Office of Carroll M. Lawson, lead counsel in this action. Mr. Lawson's practice was primarily family law.

2. In March of this year, Mr. Lawson was diagnosed with cancer. He closed his practice within a month of his diagnosis. He asked that I aid him in dealing with this one last matter. I had no prior experience with civil rights litigation.

3. I was never able to contact clients directly. All communications were filtered through Mr. Lawson. If discovery needed to be responded to, I would have to give the discovery requests to Mr. Lawson so that he could physically deliver them to clients. If I had inquiry regarding a response, I had to filter the inquiry through Mr. Lawson. I attempted to communicate via written correspondence, but that too was to no avail.

4. I met with Mr. Lawson on or about August 18, 2011, after sending letters to all witnesses and clients. At our meeting I attempted to discuss litigation strategy and to impress upon him the necessity for getting discovery done before the deadline imposed by the Court. After my discussion with Mr. Lawson it became clear that there was a general disagreement with regard to the entire prosecution of this matter. After not hearing a single response to my letters it became clear that communication was likely to breakdown between myself and clients.

5. On October 4, 2011, Mr. Lawson requested that I appear at a deposition on his behalf. The day before I called clients and left messages describing that it was imperative that they respond and left them my cell phone number. Again I received no response. I was not even unable to reach Mr. Lawson. I finally received a response from Mr. Lawson, on or about October 13, 2011.

6. I informed him that I intended to withdraw as associate counsel, as I do not believe I can ethically continue to aid him in his representation under the present circumstances. I have

notified Mr. Lawson that he should seek new counsel for clients or someone else to aid him immediately.

I declare under penalty of perjury that the foregoing is true and correct.


Date: October 19, 2011                                    By:/s/ Judith E. Hoover
                                                          Judith E. Hoover, esq.
                                                          Declarant

MOTION TO BE RELIEVED AS COUNSEL - 6

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**

I am employed in the County of San Bernardino, State of California. I am over the age of eighteen and not a party to the within action. My business address is 1030 Nevada Street, Suite 101, Redlands, CA 92374.

On <u>October 19, 2011</u> I served the foregoing documents described as "Motion to Withdraw as Counsel" on interested parties in this action.

[    ]    by placing true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list:

[ ]    by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

JOHN D. HIGGINBOTHAM, Bar No. 204179
G. ROSS TRINDLE, III, Bar No. 228654
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, CA   92502

MORENO, BYRD, AND MARTIN FAMILIES
1521 LATHAM STREET
COLTON, CALIFORNIA

LAW OFFICES OF BRUNICK, MCELHANEY, & BECKETT
1839 COMMERCECENTER WEST
SAN BERNARDINO, CALIFORNIA 92408

[ X ] **BY MAIL.** I placed such envelope(s) in the mail at <u>Redlands, CA</u>. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on a motion of party served, service is presumed invalid of postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing an affidavit.

[    ]BY PERSONAL SERVICE. I hand delivered such envelope(s) by hand to the offices of the addressee(s). Executed on _____, at _____, CA.

[    ]BY FACSIMILE. I caused the within documents to be transmitted by telephonic facsimile to:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2011 at Redlands, CA.

Judith E. Hoover

- 1 -